# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

CHARLES TAYLOR,            )
                                    )
              Plaintiff,         )
                                    )
       v.                       )         No. 4:07-CV-1844 CAS
                                    )
ARAMARK, et al.,           )
                                    )
             Defendants.     )

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of inmate Charles Taylor for leave to commence this action without payment of the required filing fee.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. See 28 U.S.C. §

1915(a)(1),(2).  A review of plaintiff's account statement indicates an average monthly deposit of $55.17, and an average monthly account balance of $27.83.  Plaintiff has insufficient funds to pay the entire filing fee.  Accordingly, the Court will assess an initial partial filing fee of $11.03, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  An action is frivolous if "it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## The Complaint

Plaintiff, an inmate at the St. Louis City Justice Center ("SLCJC"), seeks monetary relief in this 42 U.S.C. § 1983 action against defendants Aramark, SLCJC, and SLCJC Medical Department.  Plaintiff alleges that, on August 4, 2007, he sustained physical injuries after falling off a defective chair while working in the kitchen at SLCJC.  More specifically, plaintiff alleges that he "severely cut [his] left elbow open, [causing him] to receive nine (9) stitches and plenty of pain medicine."  He

claims that SLCJC owns the defective chair and that Aramark contracts with the SLCJC canteen and is the company plaintiff worked for when he had the accident. Further, plaintiff alleges that "medical" basically had him stop the bleeding by himself, and he was not given a tetanus shot.

Having carefully reviewed the complaint, the Court concludes that this action is legally frivolous, because plaintiff's allegations simply do not rise to the level of a constitutional violation. Moreover, a municipal entity is subject to liability under § 1983 only if the alleged constitutional deprivation is the result of an official policy or custom of the municipality. See Monell v. Department of Social Serv., 436 U.S. 658, 691 (1978). Plaintiff alleges no facts relative to policy or custom, and thus, the complaint is legally frivolous for this reason, as well.

Finally, to the extent that plaintiff is attempting to assert a claim for deliberate indifference to his serious medical needs,[1] the claim is legally frivolous. "Liability under section 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). In the instant case, plaintiff's allegations relative to his medical needs are not directed against any of the named defendants. Moreover, plaintiff's allegations, at best, constitute negligence; however, mere negligence does not rise to the level of a constitutional violation. See Daniels v. Williams, 474 U.S. 327, 328 (1986); Estelle v. Gamble, 429 U.S. 97, 106 (1976) (mere negligence is not cognizable as Eighth Amendment

---

[1] It appears that plaintiff is a pretrial detainee at the St. Louis City Justice Center, and thus, his claims would be analyzed under the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment. See Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979).

violation); <u>Morton v. Becker</u>, 793 F.2d 185, 188 n.3 (8th Cir. 1986)(Fourteenth Amendment due process clause is not implicated by state official's negligent act causing unintended loss of or injury to life, liberty, or property).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis is **GRANTED.** [Doc. 2]

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $11.03 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and/or fails to state a claim upon which relief may be granted. <u>See</u> 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this ____29th____ day of January, 2008.